IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Burnie Squires, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 4:16-2414-RBH-KDW |
| ) | |
| v. ) | Report and Recommendation |
| ) | |
| South Carolina Department of Health ) | |
| and Environmental Control, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Burnie Squires ("Squires" or "Plaintiff"), filed this action in this court against his former employer, the South Carolina Department of Health and Environmental Control ("Defendant" or "DHEC"), claiming a failure to accommodate in violation of Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §§ 12101, *et seq*. In response to Plaintiff's Complaint, Defendant filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Def.'s Mot., ECF No. 8. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation ("Report") on Defendant's Motion to Dismiss. Plaintiff filed a memorandum in opposition to the Motion, ECF No. 13, to which Defendant filed a reply, ECF No. 14. Having reviewed the parties' submissions and the applicable law, the undersigned recommends that Defendant's Motion for Dismissal, ECF No. 8, be *granted*.

I.     Background Facts

As set out in the Complaint, Defendant began working for DHEC as a disease intervention specialist in March 2007. Compl. ¶ 13, ECF No. 1. Plaintiff was diagnosed with diabetes in 2010; on November 19, 2010, Plaintiff provided DHEC with "medical documentation

regarding his disease and disability." *Id.* ¶¶ 15, 16. At that time, DHEC granted Plaintiff his requested "reasonable medical accommodations" of being permitted to wear sunglasses and not be required "to perform venipuncture because of [his] blurred vision due to the medication[.]" *Id.* ¶ 16. Around June 26, 2013, Plaintiff's then-supervisor, Bernard Gilliard, advised Plaintiff he needed to provide "medical documentation to receive medical exemption from performing venipuncture." Compl. ¶ 17. Plaintiff provided that documentation to supervisor Annette Davie on July 23, 2013. *Id.*

In September 2013 Plaintiff's new supervisor, Steven Bates, contacted Plaintiff about his medical disability, and Plaintiff advised Bates the appropriate medical documentation was in his personnel file. Bates advised Plaintiff his accommodations concerning wearing sunglasses and not performing venipuncture procedures would continue. *Id.* ¶ 18. On November 4, 2013, Plaintiff was advised he "would have to start drawing blood as part of his job duties." *Id.* ¶ 19. Bates "informed the Plaintiff that [he] needed to return to the doctor and receive clearance to perform venipuncture." *Id.* Plaintiff advised DHEC that his condition had not changed. *Id.* ¶ 20. On November 5, 2013, Plaintiff met with Bates and Nursing Supervisor Benton regarding the venipuncture accommodation. Bates and Benton requested that Plaintiff "write a letter stating out the facts to his disability." *Id.* ¶ 21. Plaintiff complied and asked for clarification as to how to proceed. *Id.* Plaintiff continued to perform the "essential functions of his job," performing "without incident and without performing venipuncture." *Id.* ¶ 22. On March 26, 2014, Plaintiff was terminated by DHEC "because [DHEC] was no longer willing to provide accommodations." *Id.* ¶ 23.

Plaintiff filed the Complaint now under review in this court on June 30, 2016. The sole cause of action is one for violation of Title I of the ADA. *See* Compl. ¶¶ 38–45. Plaintiff seeks

back and front pay, as well as other monetary damages. *See id*. ¶ 45 and Relief Requested section.

II.     Standard of Review

DHEC moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6).[1] In considering a Rule 12(b)(1) jurisdictional challenge, the court notes that federal courts are courts of limited jurisdiction and there is no presumption that the court has jurisdiction. *See Pinkley, Inc. v. City of Fredrick, Md.,* 191 F.3d 394, 399 (4th Cir. 1999). Typically, the burden of proving subject-matter jurisdiction is on the plaintiff, the party asserting jurisdiction. *See Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In cases such as this one, in which "a party challenges the subject matter jurisdiction of the court on the grounds that the party is an arm of the state entitled to sovereign immunity, the burden of persuasion lies with the party asserting the immunity." *Hutto v. S.C. Ret. Sys.,* 899 F. Supp. 2d 457, 466 (D.S.C. 2012) (citing *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.,* 466 F.3d 232, 237 (2d Cir. 2006)).

A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Fed. R. Civ. P. 12(b)(6). "A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When considering this motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). The court is also to "'draw all reasonable inferences in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com,*

---

[1] Regardless of whether DHEC's Motion is considered pursuant to Rule 12(b)(1) or 12(b)(6), the undersigned reaches the same conclusion and makes the same recommendation.

3

*Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). Although a court must accept all *facts* alleged in the complaint as true, this is inapplicable to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted).

III.    Analysis

Plaintiff's Complaint contains only one cause of action: "Violation of Americans with Disabilities Act." Compl. ¶¶ 38–45. DHEC argues the Complaint should be dismissed because both the Eleventh Amendment to the U.S. Constitution and South Carolina's sovereign immunity[2] bar Plaintiff's ADA Complaint. Def.'s Mem. 2–3.

As a state agency, DHEC argues dismissal is necessary based on the Eleventh Amendment to the U.S. Constitution. Def.'s Mem. 2-3. Plaintiff acknowledges that DHEC is an agency of South Carolina. Pl.'s Mem. 6. The Eleventh Amendment provides immunity to nonconsenting states and their agencies from suits by private citizens in federal court. *See Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997). Only if Congress has appropriately abrogated that immunity does federal jurisdiction exist as to suits against such states and state entities. *See Bd. of Trustees of the Univ. of Al. v. Garrett*, 531 U.S. 356, 363 (2001) ("Congress may abrogate the States' Eleventh Amendment immunity when it both

---

[2] Sovereign immunity and Eleventh Amendment immunity are related doctrines. While often used interchangeably, the Eleventh Amendment is a more narrow doctrine than that of a state's sovereign immunity. *See Stewart v. North Carolina*, 393 F.3d 484, 490 n.5 (4th Cir. 2005) ("by 'sovereign immunity' we are referring to the longstanding principle of state sovereign immunity implicit in constitutional order, not the more narrow principle of Eleventh Amendment immunity"); *see also Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–68 (1997) (discussing "the broader concept of immunity, implicit in the Constitution, which we have regarded the Eleventh Amendment as evidencing and exemplifying").

unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority.'") (quoting *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72–73 (2000)).

Citing *Garrett*, 531 U.S. at 374, and several cases from this District, DHEC submits it is not subject to a private Title I ADA suit for money damages because, in enacting the ADA, Congress did not validly abrogate Eleventh Amendment immunity for the states. Def.'s Mem. 2–3. Title I of the ADA as initially drafted purported to waive the states' Eleventh Amendment immunity. However, in *Garrett* the United States Supreme Court found Congress had exceeded its constitutional authority, making that waiver unconstitutional and unenforceable. Accordingly, the Eleventh Amendment applies to Title I ADA claims for money damages, providing states with immunity. *See Garrett*, 531 U.S. 356.

Plaintiff submits that DHEC's immunity argument is unavailing, arguing the Eleventh Amendment is inapplicable here because no foreign citizens or foreign states are involved. Pl.'s Mem. 7. That argument may be dismissed out of hand. While it is true that the language of the Eleventh Amendment prohibits suits "in law or equity commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State," since at least 1890, the United States Supreme Court has "extended the Amendment's applicability to suits *by citizens against their own States*." *Garrett*, 531 U.S. at 363 (emphasis added) (citing *Hans v. Louisiana,* 134 U.S. 1 (1890), among other cases). In other words, "[t]he ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Garrett*, 531 U.S. at 365 (citation omitted). Congress did not validly abrogate the states' Eleventh Amendment immunity as to Title I ADA claims. DHEC is immune from Plaintiff's Title I ADA claim.

5

Plaintiff also seems to argue he may still pursue damages against DHEC because the *Garrett* Court "held that a private individual could seek damages through state law causes of action." Pl.'s Mem. 7. The quoted *Garrett* footnote provides as follows:

> Our holding here that Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I [of the ADA] does not mean that persons with disabilities have no federal recourse against discrimination. Title I of the ADA still prescribes standards applicable to the States. Those standards can be enforced by the United States in actions for money damages, as well as by private individuals in actions for injunctive relief under *Ex parte Young,* 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908). In addition, **state laws protecting the rights of persons with disabilities in employment and other aspects of life provide independent avenues of redress**. See n. 5, *supra.*

*Garrett*, 531 U.S. at 374 n.9 (emphasis added). Looking to the state-law possibility referenced in *Garrett*, Plaintiff submits that "[o]n information and belief, the Plaintiff is seeking damages under South Carolina Human Affairs Law § 1-13-80, which provides that an employer may not discriminate based on a person's disability." Pl.'s Mem. 7.

This argument, too, is unavailing. As an initial matter, Plaintiff's focus on another potential cause of action does nothing to defeat DHEC's argument that the ADA cause of action is subject to dismissal. Further, Plaintiff's statement that, "on information and belief," he is suing pursuant to South Carolina law is counterintuitive. Plaintiff, as the author of his Complaint, must know what relief his Complaint seeks. *Cf. Ridenour v. Multi-Color Corp.,* 147 F. Supp. 3d 452, 456 (E.D. Va. 2015) ("A plaintiff is generally permitted to plead facts based on 'information and belief' if such plaintiff is in a position of uncertainty because the necessary evidence is controlled by the defendant."). As DHEC argues, Plaintiff's Complaint includes only one cause of action—for violation of the ADA. Plaintiff has not included a cause of action pursuant to S.C. Code Ann. § 1-13-80 or any other state law. Plaintiff's Complaint notes that he had filed an administrative claim with the appropriate federal agency, Compl. ¶ 2, but does not suggest he

6

filed any similar administrative claim with the South Carolina Human Affairs Commission. Plaintiff has brought no state-law-based cause of action here. *Garrett* requires dismissal of Plaintiff's only claim—his Title I ADA claim for damages.

DHEC also submits that South Carolina has not otherwise waived its sovereign immunity to private ADA claims for money damages. Def.'s Mem. 3 (citing S.C. Code Ann. § 15-78-20(e)). Section 15-78-20(e), a portion of the South Carolina Tort Claims Act ("SCTCA"), provides:

> Nothing in this chapter [referring to the SCTCA] is construed as a waiver of the state's or political subdivision's immunity from suit in federal court under the Eleventh Amendment to the Constitution of the United States nor as consent to be sued in any state court beyond the boundaries of the State of South Carolina.

S.C. Code Ann. § 15-78-20(e).

In response to this portion of DHEC's argument, Plaintiff submits that, through the SCTCA, South Carolina "has in fact waived its immunity from suits brought under the ADA." Pl.'s Mem. 6. Plaintiff notes generally that the SCTCA provides that government entities in South Carolina are subject to liability "for their torts in the same manner and to the same extent as a private individual with limited exceptions." Pl.'s Mem. 6.[3] Plaintiff continues by noting that § 15-78-60 of the SCTCA contains a specific list of exceptions to the SCTCA's waiver of immunity, and that section does not "include a waiver from a federal cause of action of the ADA." *Id.*

---

[3] Plaintiff's argument that the SCTCA section relied on by DHEC in asserting immunity, § 15-78-20(e), does not apply to his claim hinges on his unsuccessful argument that the Eleventh Amendment is only applicable when concerning matters against foreign citizens or foreign states. Pl.'s Mem. 6–7.

This portion of Plaintiff's argument fails for the simple reason that the SCTCA concerns *tort* claims—not statutory claims such as Plaintiff's pending federal ADA claim. Plaintiff offers no authority to support his claim, nor is the court aware of any such support.

Plaintiff's Title I ADA claim for damages should be dismissed. As this is his only claim before the court, this case should be dismissed with prejudice.

IV.     Conclusion and Recommendation

For the reasons set forth above, the undersigned recommends Defendant's Motion for Dismissal, ECF No. 8, be *granted*. If this Report and Recommendation is accepted, Plaintiff's case will be dismissed.[4]

IT IS SO RECOMMENDED.

November 29, 2016                                               Kaymani D. West
Florence, South Carolina                                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[4] The undersigned acknowledges Plaintiff's closing sentence in which he requests leave to amend his pleadings "if the Court determines the Plaintiff's Complaint fails to plead an essential element of any cause of action[.]" Pl.'s Mem. 8. Such requests are to be made under Rule 15(b)(2). Plaintiff has submitted no such motion, nor has he proffered a proposed amended complaint, making it impossible for DHEC to respond or for the court to adequately consider such request. On this record, Plaintiff's request to amend the Complaint should be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).