UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Burnie Squires, | ) | Civil Action No.: 4:16-cv-02414-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Department of Health | ) | |
| and Environmental Control, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

     Plaintiff Burnie Squires filed this action in this Court against his former employer, Defendant South Carolina Department of Health and Environmental Control, alleging Defendant violated Title I of the Americans with Disabilities Act[1] ("ADA") by failing to reasonably accommodate his disability in his employment. *See* Complaint [ECF No. 1]. Defendant filed a motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* ECF No. 8.

     The matter is now before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) for the District of South Carolina. *See* R & R [ECF No. 18]. The Magistrate Judge recommends that the Court grant Defendant's motion to dismiss and dismiss this case with prejudice. R & R at 1, 8. Plaintiff has filed timely objections to the R & R. *See* Pl.'s Objs. [ECF No. 19]. Defendant has not filed a reply to Plaintiff's objections.

## **Standard of Review**

     The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's

---

[1]     Title I of the ADA prohibits discrimination against disabled individuals in their employment. *See* 42 U.S.C. §§ 12111 through 12117.

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

<u>**Discussion**</u>[2]

Plaintiff asserts a single cause of action in his complaint, alleging Defendant—a state agency—violated Title I of the ADA by failing to reasonably accommodate his Type II diabetes disability in his employment as a disease intervention specialist. *See* Compl. at ¶¶ 38-45. Plaintiff alleges he "is entitled to injunctive relief and/or civil damages." *Id.* at ¶¶ 29-30, 35. Defendant moves to dismiss Plaintiff's action pursuant to both Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6),

---

[2]    The R & R throughly summarizes the background (including Plaintiff's underlying factual allegations) and legal standards for this case, which the Court adopts and incorporates by reference without repeating here. *See* R & R at 1-4.

arguing state sovereign immunity and the Eleventh Amendment[3] bar Plaintiff's ADA claim for

monetary damages.[4]  *See* ECF No. 8.  The Magistrate Judge recommends granting Defendant's motion

and dismissing this case with prejudice because Defendant is immune from suit for money damages

under the Eleventh Amendment.  R & R at 1, 4-8.  Plaintiff objects to the Magistrate Judge's

recommendation.  *See* Pl.'s Objs. at 1-2.

     The Eleventh Amendment bars suits against states and state agencies "regardless of the nature

of the relief sought."  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see, e.g.*,

*McCray v. Maryland Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014) (applying Eleventh

Amendment immunity and finding the plaintiff could "not seek injunctive or monetary relief from" two

state agencies).  "An unconsenting State is immune from suits brought in federal courts by her own

citizens as well as by citizens of another State."  *Lee-Thomas v. Prince George's Cty. Pub. Sch.*, 666

F.3d 244, 248 (4th Cir. 2012).  However, Eleventh Amendment immunity is not absolute, and three

exceptions exist to this immunity:

> First, Congress may abrogate the States' Eleventh Amendment
> immunity when it both unequivocally intends to do so and acts
> pursuant to a valid grant of constitutional authority. . . .  Second, the
> Eleventh Amendment permits suits for prospective injunctive relief

---

[3]    As the Magistrate Judge explains, sovereign immunity and Eleventh Amendment immunity are related but distinct doctrines.  *See* R & R at 4 n.2.  "The former is an immunity from suit altogether, while the latter is immunity from suit in a particular forum.  A state may waive either of these immunities, but while its 'general waiver of sovereign immunity may subject it to suit in state court, it is not enough to waive the immunity guaranteed by the Eleventh Amendment.'"  *Giancola v. State of W.Va. Dep't of Pub. Safety*, 830 F.2d 547, 552 (4th Cir. 1987) (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)).  That distinction is not material to the analysis at hand, and the Court notes the terms "sovereign immunity" and "Eleventh Amendment immunity" are often used interchangeably to mean the same thing.  For the sake of consistency, the Court uses "Eleventh Amendment immunity" throughout this Order.

[4]    Defendant's motion does *not* address Plaintiff's claims for injunctive relief.

against state officials acting in violation of federal law.[5] . . . ***Third,
[a] State remains free to waive its Eleventh Amendment immunity
from suit in a federal court.***

*Id.* at 248-49 (alteration in original) (internal quotation marks, citations, and footnote omitted).

The Magistrate Judge determined Plaintiff's Title I ADA claim for monetary damages must be

dismissed based upon the United States Supreme Court's decision in *Board of Trustees of University*

*of Alabama v. Garrett*, 531 U.S. 356 (2001).  R & R at 4-7.  In *Garrett*, the Supreme Court held the

Eleventh Amendment bars private suits seeking money damages for state violations of Title I of the

ADA.[6]  531 U.S. at 360, 374.

---

[5]    Plaintiff alleges several times in his complaint that he "is entitled to **injunctive relief** and/or civil damages from Defendant."  Compl. at ¶¶ 29-30, 35 (emphasis added).  He does not indicate whether he seeks retroactive or prospective injunctive relief.

    To the extent Plaintiff is seeking prospective injunctive relief, the Court notes Plaintiff has *not* named any state officials as defendants.  Thus, Plaintiff's complaint does not fall within the scope of *Ex parte Young*, 209 U.S. 123 (1908), which permits suits against state officials for prospective injunctive relief from ongoing violations of federal law.  *See, e.g., Lee-Thomas*, 666 F.3d at 249 (addressing a Title I ADA claim and finding "[t]he second exception [prospective injunctive relief] is . . . inapplicable here, because the complaint does not name as defendants any officials of the State of Maryland."); *Teague v. N. Carolina Dep't of Transp.*, No. 5:07CV45 F, 2007 WL 2898707, at *3 (E.D.N.C. Sept. 28, 2007) (finding the *Ex parte Young* doctrine was "not an available exception because" the plaintiff "limited his claim to include the [North Carolina Department of Transportation] as the only defendant" and did not name any state official).

[6]    Plaintiff also alleges Defendant terminated him in retaliation for his medical disability.  Compl. at ¶¶ 32, 35, 44.  The Magistrate Judge focused solely on Plaintiff's Title I claim in the R & R and did not separately address a retaliation claim.  However, Plaintiff has not objected to the Magistrate Judge's decision not to address a retaliation claim.

    In any event, Plaintiff's retaliation claim (if any) would arise under Title V of the ADA, and because this Title V claim would be predicated on the primary Title I claim, *Garrett* bars the Title V claim.  *See Levy v. Kansas Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1169 (10th Cir. 2015) (holding *Garrett* applies to a Title V retaliation claim predicated on alleged violations of Title I); *Dugger v. Stephen F. Austin State Univ.*, No. 2:15-CV-1509-WCB, 2017 WL 478297, at *9 (E.D. Tex. Feb. 6, 2017) ("Courts have uniformly held that retaliation claims premised on employment discrimination under title I of the ADA are subject to the Eleventh Amendment." (collecting cases)); *Cook v. Springfield Hosp. Ctr.*, No. CV ELH-16-2024, 2016 WL 6124676, at *7 (D. Md. Oct. 19, 2016) (observing "[n]either the Supreme Court nor the Fourth Circuit has determined whether Congress abrogated sovereign immunity for retaliation claims under Title V," but recognizing other courts have applied *Garrett* when a Title V retaliation claim is predicated on a primary Title I claim); *id.* at *8 ("Cook's primary ADA claim is based on Title I.  Because Cook's Title V claim is predicated on her Title I claim, the Supreme Court's decision in *Garrett* barring her Title I claim based on sovereign immunity also bars her Title V claim."); *Caudill v. S.C. Criminal Justice Acad.*, No. CIV.A. 3:10-2291-JFA-JRM, 2011 WL 4479594, at *3 (D.S.C. Aug. 11, 2011) ("Plaintiff's retaliation claim is predicated on an alleged violation of Title I.  As the [defendant] is immune from the underlying Title I ADA discrimination, it follows that it should be immune from Plaintiff's retaliation claims predicated on a violation of Title I."), *R & R*

In his objections to the R & R, Plaintiff asserts "the Magistrate Judge erred by applying *Garrett* in determining that [Defendant] has sovereign immunity in these proceedings." Pl.'s Objs. at 2. He cites the above three exceptions to Eleventh Amendment immunity, and then invokes the third exception—waiver—arguing Defendant has consented to suit in federal court by accepting federal funds and financial assistance. *Id.* Plaintiff supports his waiver argument by citing *White v. Engler*, 188 F. Supp. 2d 730 (E.D. Mich. 2001).[7] Pl.'s Objs. at 1-2.

In *White*, a class of plaintiffs asserted claims under Title VI of the Civil Rights Act of 1964,[8] the Equal Protection Clause of the Fourteenth Amendment, and 42 U.S.C. § 1983 against multiple state defendants. 188 F. Supp. 2d at 734, 737. The defendants filed a motion to dismiss arguing Eleventh Amendment immunity barred the plaintiffs' claims. *Id.* at 738. The district court denied the motion and found Plaintiff's claims fell "squarely within" the three exceptions to Eleventh Amendment immunity. *Id.* at 738-41. In particular, the district court concluded the defendants waived their sovereign immunity and consented to suit in federal court under Title VI by accepting federal funds. *Id.* at 740-41. In reaching this conclusion, the district court relied on the waiver provision of the Rehabilitation Act, which provides:

_____

*adopted by*, 2011 WL 4474169 (D.S.C. Sept. 26, 2011).

[7]    The Court is mindful that Plaintiff did not make the waiver argument in his response in opposition to Defendant's motion to dismiss, *see* ECF No. 13, and therefore the Magistrate Judge did not have this argument before her. Nevertheless, the Court addresses Plaintiff's objections in light of its duty to consider all arguments directed to an issue, regardless of whether the arguments were presented to the Magistrate Judge. *See generally United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) ("We believe that as part of its obligation to determine *de novo* any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate. By definition, *de novo* review entails consideration of an issue as if it had not been decided previously. It follows, therefore, that the party entitled to *de novo* review must be permitted to raise before the court any argument as to that issue that it could have raised before the magistrate." (footnote omitted)).

[8]    42 U.S.C. § 2000d, *et seq.*

5

> A State shall not be immune under the Eleventh Amendment of the
> Constitution of the United States from suit in Federal court for a
> violation of section 504 of the Rehabilitation Act of 1973 [29
> U.S.C.A. § 794], title IX of the Education Amendments of 1972 [20
> U.S.C.A. § 1681 et seq.], the Age Discrimination Act of 1975 [42
> U.S.C.A. § 6101 et seq.], ***title VI of the Civil Rights Act of 1964 [42
> U.S.C.A. § 2000d et seq.], or the provisions of any other Federal
> statute prohibiting discrimination by recipients of Federal financial
> assistance.***

42 U.S.C. § 2000d-7(a)(1) (emphasis added).

Based on *White*, Plaintiff apparently believes the phrase in § 2000d-7(a)(1)—"any other Federal statute prohibiting discrimination by recipients of Federal financial assistance"—applies to the ADA and that Defendant has waived its Eleventh Amendment immunity by accepting federal funds. *See* Pl.'s Objs. at 2 ("The [c]ourt in *White* . . . stat[ed] that acceptance of federal funds is sufficient to constitute consent to suit . . . . The Defendant here is inarguably a State institution and recipient of federal funds and financial assistance.").

The Court finds Plaintiff's reliance on *White* and § 2000d-7(a)(1) is erroneous. *White* did not involve an ADA claim, much less a Title I ADA claim. Instead, it involved a claim under Title VI of the Civil Rights Act of 1964 and a straightforward application of the Rehabilitation Act's waiver provision, which specifically mentions Title VI—but not the ADA—and indicates states waive sovereign immunity from Title VI claims (and three other *specifically referenced* laws) by receiving federal funds. Plaintiff has ***not*** cited any cases supporting his argument that seeks to extend application of the Rehabilitation Act's waiver provision to ADA claims. That is because "***no court has concluded that the Rehabilitation Act's waiver provisions apply to the ADA***." *Levy v. Kansas Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1171 (10th Cir. 2015) (emphasis added). In *Levy*, the Tenth Circuit[9]

---

[9] Neither the Supreme Court nor the Fourth Circuit has addressed the argument presented by Plaintiff.

rejected the same argument presented by Plaintiff in this case:

> Levy's primary argument on appeal is that [the defendant state agency] has *waived* its sovereign immunity [from Levy's claim brought under Title I of the ADA] by accepting federal funds. In particular, he argues that the waiver provisions of the Rehabilitation Act, which we have upheld as valid, similarly apply to the ADA because the Rehabilitation Act and ADA are closely linked.
>
> . . . .
>
> However, the close relationship between the two statutes is not sufficient to conclude that the Rehabilitation Act's waiver provisions apply by implication to the ADA. . . [T]he statutes were enacted for slightly different purposes and under wholly different provisions of the Constitution. . . . [T]he ADA was enacted pursuant to the Fourteenth Amendment and the Rehabilitation Act was enacted pursuant to the Spending Clause[.]
>
> . . . .
>
> Although Levy's argument is novel, we must reject it and agree with the Supreme Court when it stated that Congress "does not . . . hide elephants in mouseholes." *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 468 (2001). . . . For a waiver of sovereign immunity to be "knowing and voluntary," it cannot be hidden in another statute and only applied to the ADA through implication. . . . [A]s other courts have noted, the ADA has a much broader focus than discrimination by recipients of federal financial assistance. . . .
>
> Moreover, **_no court has concluded that the Rehabilitation Act's waiver provisions apply to the ADA._** *See Fields v. Dep't of Pub. Safety*, 911 F. Supp. 2d 373, 379 (M.D. La. 2012); *Swart v. Colo. Dep't of Corr.*, No. CIV.A. 07-CV-02718LT, 2009 WL 230699, at \*2 (D. Colo. Jan. 30, 2009) ("Not surprisingly, Plaintiff has cited no authority for the proposition that [the waiver] provision of the Rehabilitation Act is applicable to claims under the ADA or that it overrides the clear holding of *Garrett* that states are immune to ADA claims for money damages by employees."); *Dansby-Giles v. Jackson State Univ.*, 638 F. Supp. 2d 698, 700-01 (S.D. Miss. 2009); *Gary v. Ga. Dep't of Human Res.*, 323 F. Supp. 2d 1368, 1372 (M.D. Ga. 2004) ("**_The acceptance of federal funds does not_**

> **constitute a state's waiver of Eleventh Amendment immunity for alleged violations of Title I of the ADA.**"); *Sanders ex rel. Rayl v. Kan. Dep't of Soc. & Rehab. Servs.*, 317 F. Supp. 2d 1233, 1242 & n.2 (D. Kan. 2004) (concluding that the Rehabilitation Act's waiver applies solely to § 504 claims and not ADA or § 1983 claims).
>
> [T]he ADA was passed *after* the Rehabilitation Act's waiver provisions.  Congress could have included a similar waiver provision in the ADA or added the ADA to the list of nondiscrimination statutes in the Rehabilitation Act's waiver provisions, but it did not.  42 U.S.C. § 2000d-7(a)(1).  In the absence of clear evidence that Congress intended for states to waive their immunity under the ADA by accepting federal funds, we will not stretch the language of the Rehabilitation Act to conclude that [the state agency] has made a clear and voluntary waiver of its sovereign immunity for ADA claims.

*Id.* at 1169-71 (internal footnote omitted) (emphases added); *see also Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1174-75 (11th Cir. 2003) (indicating acceptance of federal funding does not constitute waiver under the ADA because the ADA does not expressly condition a state's acceptance of funding upon the state's agreement to waive Eleventh Amendment immunity).  *See generally Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 495 (4th Cir. 2005) ("The Supreme Court has already held that a condition on federal spending must be clearly and unambiguously expressed so that the State accepting federal funds can be certain of its obligations upon receipt of such funds.  The Court has further held that Congress may not coerce the States into accepting federal funds with conditions.  These requirements suffice to ensure that a State's agreement to federal funding conditions is both knowing and voluntary." (internal citations omitted) (citing *S. Dakota v. Dole*, 483 U.S. 203, 207, 211 (1987))).

The Court agrees with the persuasive reasoning articulated in *Levy* and the cases cited therein.  Accordingly, the Court finds Defendant's alleged acceptance of federal funds does not constitute a

waiver of its Eleventh Amendment immunity for its alleged violations of Title I of the ADA. No exceptions to Eleventh Amendment immunity apply here. The Court must grant Defendant's motion to dismiss pursuant to *Garrett* because the Eleventh Amendment bars Plaintiff's Title I ADA claim for monetary damages.

Finally, the Court notes Plaintiff's complaint does ***not*** allege Defendant receives federal funds; instead, Plaintiff makes this allegation for the first time in his objections. He has also requested leave to amend his complaint. *See* ECF No. 13 at 8. However, even if Plaintiff were to add allegations that Defendant receives federal funds, such amendment would be futile in light of the above analysis. *See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) ("[A] request to amend should only be denied if one of three facts is present: the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or ***amendment would be futile***." (internal quotation marks omitted) (emphasis added)).

## Conclusion

The Court has thoroughly reviewed the entire record, including the R & R and Plaintiff's objections, and carefully studied and applied the relevant law. For the reasons stated in this Order and in the R & R, the Court overrules Plaintiff's objections and adopts and incorporates the R & R [ECF No. 18] by reference, ***except as modified herein***. The Court **GRANTS** Defendant's motion to dismiss [ECF No. 8] and **DISMISSES *with prejudice*** any and all claims for monetary and injunctive relief against the only existing named Defendant, South Carolina Department of Health and Environmental Control.[10]

---

[10]    This Order should ***NOT*** be construed as having any preclusive effect or being considered a dismissal with prejudice against a proper defendant for the proper relief. The Court directs the parties' attention to Footnote Five, *supra*, regarding the *Ex parte Young* exception permitting suits against state *officials* for *prospective* injunctive relief.

**IT IS SO ORDERED.**


Florence, South Carolina                                    s/ R. Bryan Harwell
March 6, 2017                                               R. Bryan Harwell
                                                           United States District Judge